UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, et al. § | |
| § | |
| Plaintiffs, § | |
| § | Case No. 3:11-CV-301-N-BG |
| § | |
| v. § | |
| § | |
| LEE BROWN, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION**

This action is one of many brought by court-appointed Receiver Ralph S. Janvey (Receiver) and the Official Stanford Investors Committee (Committee) (collectively, Plaintiffs) to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors and employees of Stanford entities. The Plaintiffs allege that Defendant Lee Brown served as a member of the Stanford International Advisory Board and received CD proceeds totaling at least $350,000. They filed an original complaint on February 15, 2011, and Brown moved to dismiss the complaint. The Plaintiffs filed an amended complaint on April 15, 2011, and Brown filed a second motion to dismiss. Now before the court is Brown's second motion to dismiss which was referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

Brown urges dismissal on a number of grounds. He contends that the amended complaint fails to state a claim upon which relief can be granted because it fails to meet the pleading requirements of 8(a) and 9(b) of the Federal Rules of Civil Procedure; fails to allege the requisite elements of unjust enrichment; and includes claims barred in whole or in part by the statute of

limitations. Brown also urges dismissal on the ground that the Committee has failed to demonstrate standing to bring the claims in this action.

**I.      Discussion**

*The amended complaint satisfies the pleading standards of Rules 8(a) and 9(b)*

The court has addressed arguments similar to those in this case. *See, e .g., Janvey v. Alguire*, 846 F. Supp. 2d 662, 670–77 (N.D. Tex. 2011). As the same types of allegations survived arguments for dismissal in *Alguire*, the allegations in this case should survive Brown's arguments for dismissal.

*Plaintiffs have alleged the elements of unjust enrichment*

Plaintiffs seek disgorgement of CD proceeds that Brown received under the doctrine of unjust enrichment. Pls.' Am. Compl. 15. The Plaintiffs allege that Brown received funds that belonged to the Receivership Estate, Brown was unjustly enriched by the funds, and it would be unconscionable for him to retain the funds. *Id*. As the court has found in other actions in the Stanford receivership litigation, the Plaintiffs in this case essentially allege that Brown was paid with stolen money from a Ponzi scheme and equity dictates that he cannot justly retain the money. *See* Order, *Janvey v. University of Miami*, 3:11-CV-041-N, at 10 (N.D. Tex. July 11, 2013) (ECF No. 44) (finding that the Plaintiffs alleged that the "University obtained a benefit from the Stanford Defendants' scheme that equity dictates they cannot retain justly"); *Alguire*, 846 F. Supp. 2d at 675. Brown's argument that Plaintiffs have failed to allege the requisite elements of a claim of unjust enrichment is without merit.

*Plaintiffs' claims survive Defendant's statute of limitations argument*

Brown argues that a plaintiff must bring suit under the Texas Uniform Fraudulent Transfer Act within four years of the transfer or within one year of discovering the transfer. He argues that at least $175,000 of the alleged transfers occurred four years prior to the filing of this action and, in the alternative, that the Plaintiffs should have stated with particularity when the transfers were discovered. As in *Janvey v. IMG Worldwide, Inc*., 3:11-CV-117-N, at 7–8 (N.D. Tex. Sept. 26, 2012) (ECF No. 33), the court should find that Plaintiffs' pleadings survive Brown's statute of limitations argument. As in *IMG Worldwide, Inc*., the Plaintiffs aver that discovering the transfers required a time-consuming and extensive review of records. Pls.' Am. Compl. 14. They further aver that the Committee could not have been aware of the transfers paid to Brown until after its formation on August 10, 2010, at the latest, which was approximately six months prior to the filing of this action. *Id*. Accordingly, as in *IMG Worldwide, Inc*., the Plaintiffs have pleaded that this action was filed within the relevant limitations period. Brown's arguments to the contrary should be rejected.

*The Committee has standing to bring the claims in this action*

Brown argues that the Committee purports to be recognized by the court but has not alleged facts or pointed to any authority that would give it standing to pursue the claims in this action. The court, however, authorized the Committee to represent Stanford Investors on August 10, 2010. Order, *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-298-N (N.D. Tex. Aug. 6, 2010) (ECF No. 1149). On February 25, 2011, the court approved an agreement between the Receiver and the Committee regarding the prosecution of fraudulent transfer and similar claims, such as those brought

in this action.  Order, *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-298-N (N.D. Tex. Feb. 25, 2011) (ECF No. 1267).  Brown's argument does not require dismissal.

**II.     Recommendation**

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** Brown's motion in its entirety.

**III.    Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:      April 8, 2014.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge